IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL HAGMAN,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE MICHAEL MENAHAN,<br>ATTORNEY SARAH P. LARUE<br><br>Defendants. | CV 22-0062-H-BMM-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE<br>JUDGE |

Plaintiff Michael Hagman, proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Mr. Hagman initially filed an application to proceed in forma pauperis, but on August 3, 2022, he paid the filing fee. When Mr. Hagman filed his Complaint, he was in custody at the Lewis and Clark Detention Center in Helena, Montana. See, (Doc. 2 at 2.) He has since been released. (Doc. 4.)

Mr. Hagman claims that on May 16, 2022, during a state district court hearing held via Zoom, Defendants Judge Menahan and Ms. LaRue, who apparently represented Mr. Hagman's ex-wife in a property dispute issue arising out of dissolution proceedings, both violated Mr. Hagman's "basic civil right" to

1

be represented by counsel.  See, Comp. (Doc. 2 at 4, 12.)

## I.  SCREENING STANDARDS

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed," and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

To state a successful § 1983 claim, a plaintiff must (1) allege a violation of a constitutional right or federal law and (2) show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 49 (1988). As explained below, Mr. Hagman fails to successfully state a § 1983 claim because no constitutional or federal violation was actually alleged, Judge Menahan is immune from suit, and Ms. LaRue is not a state actor.

## II. SCREENING ANALYSIS

Mr. Hagman asserts that prior to the hearing at issue, he sought advice from his public defender regarding how best to proceed in the civil hearing. He was

3

advised to remain silent in court and to ask Judge Menahan to allow him additional time to seek out and retain a private attorney to represent him. (Doc. 2 at 12.) At the hearing, Mr. Hagman did as instructed, expecting Judge Menahan to allow him additional time. Instead, Judge Menahan turned to opposing counsel, Ms. LaRue, and asked, "Counsel, are we ready to proceed?" *Id*. The hearing proceeded without Mr. Hagman having representation.

Judge Menahan ultimately ruled against Mr. Hagman and it appears his ex-wife was awarded $250,000 in equity of their marital home via a quitclaim deed. *Id*. Mr. Hagman asserts both Judge Menahan and Ms. LaRue had a duty to see that the law was "faithfully upheld and applied," but failed to do so. *Id*. He seeks to sue both Judge Menahan and Ms. LaRue in their individual and official capacities. *Id*. at 2. He also requests an award of compensatory and punitive damages. *Id*. at 12-13.

    i.    **Federal Constitutional Violation**

Mr. Hagman does not specifically identify the federal constitutional or statutory right that he believes to have been violated, and instead simply references his "right to be represented by an attorney." See, (Doc. 2 at 3, 12.) It is true that the Sixth Amendment provides a criminal defendant the right "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. There is no corresponding constitutional right to counsel in a civil case. *United States v. 30.64*

*Acres of Land, More or Less Situated in Klickitat Cty., Washington*, 795 F. 2d 796, 801 (9th Cir. 1986). Or put another way, the Sixth Amendment right to counsel is not implicated and civil litigants are not constitutionally guaranteed the appointment of a lawyer. Thus, Mr. Hagman cannot meet the first requirement of a § 1983 claim; he has not alleged a violation of a federal constitutional right.

### ii. Color of Law/State Actor

It is axiomatic that a plaintiff asserting a section 1983 claim allege that the defendant acted under the color of state law when performing the challenged acts. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." *Gritchen v. Collier*, 254 F. 3d 807, 812 (9th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49-50.

But here, Mr. Hagman acknowledges that Ms. LaRue is a self-employed attorney in private practice in Helena, Montana. See, (Doc. 2 at 2.) Ms. LaRue had been retained by Mr. Hagman's ex-wife, Monica Hagman, to represent her in the civil proceedings related to the disposition of the marital property. *Id*. at 12. Mr. Hagman cannot establish that Ms. LaRue is a state actor. See, *Simmons v.*

*Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003)(holding that plaintiff cannot sue opposing counsel under § 1983, "because [she] is a lawyer in private practice who was not acting under color of state law" and "[p]laintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient")(internal citations omitted).  Thus, to the extent that Mr. Hagman believes Ms. LaRue acted in concert with Judge Menahan in denying his rights, he simply cannot establish she is a state actor.  Accordingly, as to Ms. LaRue, Mr. Hagman cannot establish the jurisdictional requirement of his § 1983 claim.

    iii.    **Judicial Immunity**

Finally, Judge Menahan is entitled to judicial immunity.  A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts."  *Simmons*, 318 F.3d at 116; *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).   In denying Mr. Hagman's request for a continuance of the hearing and the proceeding with the hearing as scheduled, Judge Menahan was unquestionably engaged in a judicial act.  *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  A state judge is entitled to absolute immunity for judicial acts taken within his jurisdiction.  *Olsen v. Idaho State Bd. Of Med.*, 363 F. 3d 916, 922-23 (9th Cir. 2004).

All the actions Mr. Hagman alleges against Judge Menahan fell within the

scope of his jurisdiction. Judge Menahan is entitled to absolute judicial immunity from suit.

    iv.    **Conclusion**

Although leave to amend should be freely given when justice so requires, see Fed.R.Civ.P. 15(a)(2), amendment is futile in the instant matter as the facts fail to support any viable claim. See, *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F. 3d 946, 951 (2006).  Accordingly, the Complaint should be dismissed with prejudice.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hagman

has failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hagman may file objections to these Findings and Recommendations within fourteen (14) days after service hereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of August, 2022.

                          */s/ Kathleen L. DeSoto*
                          Kathleen L. DeSoto
                          United States Magistrate Judge