# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| MICHAEL HAGMAN,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE MICHAEL MENAHAN,<br>ATTORNEY SARAH P. LARUE,<br><br>Defendants. | CV 22-62-H-BMM-KLD<br><br>ORDER |

United States Magistrate Judge Kathleen DeSoto entered her Findings and Recommendations in this case on August 22, 2022. (Doc. 5.) Judge DeSoto made the following recommendations: that Hagman's Complaint (Doc. 2) should be DISMISSED for failure to state a federal claim; that the Clerk of Court should be directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58; that the Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith; and that the Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Hagman has failed to state a claim upon which relief may be granted.

Neither party filed objections to the Findings and Recommendations. The parties have waived the right to de novo review thereof. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

The Court first addresses the dismissal of Hagman's Complaint (Doc. 2.) The Court reviewed Judge DeSoto's determination on Hagman's Complaint and found no error. The Court adopts in full the portion of the Findings and Recommendations that explains why Hagman's allegations do not support relief in his federal civil rights action under 42 U.S.C. § 1983. (Doc. 2 at 3–4.)

First, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land, More or Less Situated in Klickitat Cty., Washington,* 795 F.2d 796, 801 (9th Cir. 1986). Judge Menahan and Ms. LaRue, therefore, could not have violated Hagman's Sixth Amendment right to assistance of counsel.

Second, Ms. LaRue is a self-employed attorney in private practice, and does not represent the State. As a result, LaRue does not act under color of State law

and therefore cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–19 (1981).

Finally, Judge Menahan is entitled to judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons*, 318 F.3d at 116; *see also Mireles v. Waco*, 502 U.S. 9, 11B12 (1991). As Judge DeSoto noted, Judge Menahan's denial of Hagman's request for a continuance of the hearing and proceeding with the hearing as scheduled was a judicial act. *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). As a state judge, Judge Menahan is entitled to absolute immunity for judicial acts taken within his jurisdiction. *Olsen v. Idaho State Bd. Of Med.*, 363 F. 3d 916, 922–23 (9th Cir. 2004).

Controlling law shows that Hagman's allegations do not support relief in his federal civil rights action under § 1983. An opportunity to amend the pleading would not change the outcome for Hagman. The Court dismisses Hagman's Complaint (Doc. 2) without leave to amend.

The Court next addresses Judge DeSoto's recommendation that this Court certify that any appeal from this disposition would not be taken in good faith. The Court reviewed Judge DeSoto's determination on the Court's certification and found no error. The law requiring this ruling is clear and not reasonably subject to

debate, and therefore, any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B). The Court certifies that any appeal from this disposition by Hagman is not taken in good faith.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Hagman's Complaint (Doc. 2) is **DISMISSED** for failure to state a claim upon which relief can be granted.

2. The Clerk of Court is directed to enter by separate document a judgment of dismissal without leave to amend pursuant to Fed. R. Civ. P 58.

3. Any appeal from this disposition is not taken in good faith pursuant to Fed. R. App. P. 24(a).

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Hagman has failed to state a claim upon which relief may be granted.

DATED this 4th day of October, 2022.

Brian Morris, Chief District Judge
United States District Court